# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| SFG COMMERCIAL AIRCRAFT LEASING, INC., as assignee of original Plaintiff 1st Source Bank, <br><br> Plaintiff, <br><br> v. <br><br> MONTGOMERY EQUIPMENT COMPANY, INC. and DR. A. THOMAS FALBO, <br><br> Defendants. | CAUSE NO.: 3:15-CV-324-TLS |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses [ECF No. 52], filed on March 28, 2018. The Defendants have not filed an objection, and the deadline to do so has passed. For the reasons stated below, the Motion is GRANTED.

## BACKGROUND

On July 27, 2015, 1st Source Bank, which maintains its principal place of business in Indiana, filed a Complaint [ECF No. 1] against Montgomery Equipment Company, Inc. and Dr. A Thomas Fablo for amounts due under a promissory note [ECF No. 1-1]. The terms of the Loan and Security Agreement, which the parties agreed would be governed by the laws of the State of Indiana, provide that the Defendants would pay 1st Source Bank's legal fees in the event of a default on the promissory note. Pl.'s Compl. Ex. 2 at ¶¶ 5, 11, ECF No. 1-2. In December 2015, 1st Source Bank assigned all of its rights, title, and interest in the note to SFG Commercial Aircraft Leasing, Inc. (SFG), and, on January 7, 2016, the Court substituted SFG for 1st Source Bank as the party plaintiff [ECF No. 26].

In December 2017, SFG filed a motion for summary judgment against the Defendants [ECF No. 42]. In January 2018, the Court granted SFG's motion [ECF No. 48]. On March 26, 2018, the Court entered final judgment in favor of SFG in the amount of $1,549,433.39, representing the unpaid principal and interest under the note, as well as prejudgment interest in the amount of $99,652.77 [ECF No. 50]. On March 27, 2018, the Clerk of Court entered final judgment [ECF No. 51].

On March 28, 2018, SFG filed the instant motion pursuant to Federal Rule of Civil Procedure 54(d)(2) requesting $23,455.33 in attorneys' fees and costs [ECF No. 52]. Attached to the motion is an affidavit from Alice Springer, who is SFG's attorney of record [ECF No. 52-1]. Springer, a partner at Barnes & Thornburg LLP, states that her clients were billed 64.5 hours at $350 per hour for this dispute for a total of $22,575.00 in attorney fees. *Id.* ¶¶ 10, 12. She further states that her client incurred expenses in the amount of $880.33 for filing fees, service fees, and copying and courier charges. *Id.* ¶ 15. Springer concludes that "[w]hen measured against the total amount owed to SFG, which exceed[ed] 1.5 million, the fees are reasonable." *Id.* Springer also states that both she and her co-counsel have "expertise and specialized training in handling commercial litigation," which should be "taken into consideration in setting the fee." *Id.* ¶ 16. Springer notes that her firm "submitted invoices for fees incurred through February 28, 2018, the vast majority of which 1st Source has already paid." *Id.* ¶ 13.

## ANALYSIS

SFG, pursuant to Federal Rule of Civil Procedure 54(d)(2), requests $23,455.33 in attorneys' fees and costs. For the reasons stated below, the Court grants this request.

Federal Rule of Civil Procedure 54(d)(2) allows a litigant to request attorneys' fees by motion. Fed. R. Civ. P. 54(d)(2). In pertinent part, Rule 54(d)(2) requires that the motion be filed no later than fourteen days after the entry of judgment, specify the grounds entitling the movant to the award of attorneys' fees, and state the amount requested. *Id.*

A federal court sitting in diversity applies state substantive law and federal procedural law. *Camp v. TNT Logistics Corp.*, 553 F.3d 502, 505 (7th Cir. 2009). Whether a party is entitled to attorneys' fees as damages under a breach of contract claim is an issue of substantive law. *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 838–39 (7th Cir. 2010). When neither party raises a conflict of law issue in a diversity case, the district court applies the substantive law of the state in which the court sits, including the state's choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 587 n.1 (7th Cir. 2012). "Indiana choice of law doctrine favors contractual stipulations as to governing law." *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002). In this case, the Loan and Security Agreement provides that the laws of the State of Indiana govern this dispute. *See* Pl's Compl. Ex. 2 ¶ 11.

As to whether SFG is entitled to attorney's fees, "Indiana adheres to the American rule, under which, in the absence of a statutory provision or an agreement providing for fees, each party is required to pay its own attorney fees." *Osler Inst., Inc. v. Forde*, 386 F.3d 816, 818 (7th Cir. 2004). "In Indiana, a contract that allows for the recovery of reasonable attorney's fees will be enforced according to its terms unless it is violative of public policy." *Harrison v. Thomas*, 761 N.E.2d 816, 821 (Ind. 2002). In this case, the Defendants signed a promissory note with 1st Source Bank. *See* Pl.'s Compl. Ex. 1. The terms of the Loan and Security Agreement provide that the Defendants will pay for 1st Source Bank's legal fees in the event of a default on the note. Pl.'s

Compl. Ex. 2. After the Defendants defaulted on the note, 1st Source Bank filed the instant lawsuit and subsequently transferred its rights under the note to SFG. In December 2017, SFG filed a motion for summary judgment against the Defendants, which the Court granted. On March 27, 2018, judgment was entered in favor of SFG. The next day, SFG filed the instant motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2). The Defendants have not objected to the motion for an award of attorney fees and costs. The Court concludes that SFG is entitled to reasonable attorneys' fees pursuant to the terms of the parties' agreements and this Court's prior orders.

The reasonableness of attorneys' fees is a procedural issue governed by federal law. *See Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004); *Oldenburg Grp. Inc. v. Frontier-Kemper Constructors, Inc.*, 597 F. Supp. 2d 842, 847 (E.D. Wis. 2009). When governed by a contractual fee shifting clause, the award of attorneys' fees is determined by standards of commercial reasonableness. *Matthews v. Wis. Energy Corp.*, 642 F.3d 565, 572 (7th Cir. 2011). A client's "willingness to pay is an indication of commercial reasonableness." *Id.* Courts also "look to the aggregate costs in light of the stakes of the case and opposing party's litigation strategy." *Id.* "The inquiry into commercial reasonableness does not require courts to engage in detailed, hour-by-hour review of a prevailing party's billing records." *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1027 (7th Cir. 2013) (internal quotation marks omitted). In her affidavit attached to the instant motion, described above, SFG's attorney of record provides a summary of her charges and the amount of work expended on this case and paid for by the client. The Defendants have not objected to the requested amount of $23,455.33. The Court finds that $23,455.33 in fees and costs, when evaluated against the amount of the outstanding loan, is commercially reasonable. *See Matthews, Inc.*, 642 F.3d at 572. Furthermore, the clients'

willingness to pay these fees is a sign of commercial reasonableness. *Id.* Accordingly, the Court grants SFG's request for attorneys' fees and costs in the amount of $23,455.33.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Motion for Attorneys' Fees, Costs, and Expenses [ECF No. 52] and ORDERS that Plaintiff SFG is awarded $23,455.33 in attorneys' fees and costs.

SO ORDERED on August 21, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
